**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| CARL LEWIS, ) | Case No.: 2:06cv237-CSC |
| ) | |
| Plaintiff, ) | **CITY OF MONTGOMERY'S MOTION** |
| ) | **FOR MORE DEFINITE STATEMENT** |
| ) | **AND ANSWER** |
| vs. ) | |
| CITY OF MONTGOMERY, ) | |
| ) | |
| Defendant. ) | |

**MOTION FOR MORE DEFINITE STATEMENT**

COMES NOW the defendant City of Montgomery, by and through undersigned counsel, and moves this Honorable Court to require that the plaintiff propound a more definite statement pursuant to Rule 12(e) Fed.R.Civ.P., to wit:

1. The plaintiff avers, in his Complaint, that an adverse employment action has been taken against him in violation of Title VII of the Civil Rights Act of 1964. In item one of the Complaint, plaintiff states that, "Plaintiff has been adversely affected by discrimination involving termination, [sic] and other terms and conditions of employment." *Complaint, Doc.1, p.1*.

2. In Plaintiff's prayer for relief, plaintiff asks for "[a]ll backpay [sic] and fringe benefits from the date of his wrongful denial of said promotion, with interest." *Complaint, Doc.1, p.6*.

3. No other reference to which adverse employment action, if any, was taken by the City of Montgomery is contained in the Complaint.

WHEREFORE, the City of Montgomery moves this Honorable Court to require the plaintiff to issue a more definite statement as to the adverse employment action that he alleges the City of Montgomery took in this case.

## ANSWER

COMES NOW the defendant, City of Montgomery ("City"), by and through its attorney, and for answer to the remaining portions of the plaintiff's Complaint states as follows:

1. Defendant denies the material allegations set forth in paragraph 1 of Plaintiff's Complaint and demands strict proof thereof.

2. Defendant admits the allegations set forth in paragraph 2 of Plaintiff's Complaint.

3. Defendant denies the material allegations set forth in paragraph 3 of Plaintiff's Complaint and demands strict proof thereof.

4. Defendant is without sufficient information to either admit or deny the allegations set forth in paragraph 4, and, therefore, denies the material allegations therein and demands strict proof thereof.

5. Defendant admits that it is a municipality which is duly organized under the laws of the state of Alabama, and that it is located wholly within Montgomery County, Alabama. Defendant denies all remaining allegations contained in paragraph five of the Complaint and demands strict proof.

6. Defendant denies the material allegations set forth in paragraph 6 of Plaintiff's Complaint and demands strict proof thereof.

7. Defendant admits that it is a municipality which is duly organized under the laws of the state of Alabama, and that it is located wholly within Montgomery County, Alabama.

Defendant denies all remaining allegations set forth in paragraph 7 of Plaintiff's Complaint and demands strict proof thereof.

8. Defendant is without sufficient information to either admit or deny the material allegations set forth in paragraph 8 of Plaintiff's Complaint, and, therefore, denies the material allegations contained therein and demands strict proof thereof.

9. Defendant denies the material allegations set forth in paragraph 9 of Plaintiff's Complaint and demands strict proof thereof.

10. Defendant denies the material allegations contained in paragraph 10 of Plaintiff's Complaint and demands strict proof thereof.

11. Defendant denies the material allegations set forth in paragraph 11 of Plaintiff's Complaint and demands strict proof thereof.

12. Defendant denies the material allegations set forth in paragraph 12 of Plaintiff's Complaint and demands strict proof thereof.

13. Defendant denies the material allegations set forth in paragraph 13 of Plaintiff's Complaint and demands strict proof thereof.

14. Defendant denies the material allegations set forth in paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

15. Defendant denies the material allegations set forth in paragraph 15 of Plaintiff's Complaint and demands strict proof thereof.

16. Defendant denies the material allegations set forth in paragraph 16 of Plaintiff's Complaint and demands strict proof thereof.

## COUNT ONE
## RACE DISCRIMINATION – TITLE VII

17.Defendant denies the material allegations set forth in paragraph 17 of Plaintiff's Complaint and demands strict proof thereof.

18.Defendant denies the material allegations set forth in paragraph 18 of Plaintiff's Complaint and demands strict proof thereof.

19.Defendant denies the material allegations set forth in paragraph 19 of Plaintiff's Complaint and demands strict proof thereof.

## .AFFIRMATIVE DEFENSES

20.The City of Montgomery pleads affirmatively that a legitimate, non-discriminatory reason exists for all employment actions.

21.The City of Montgomery avers that it would have taken the adverse action complained of despite any protected trait or status.

22.The City of Montgomery avers that there existed, at the time of any alleged adverse employment action, a bonafide occupational qualification pursuant to which the alleged action was taken.

23.The City of Montgomery avers that it had in place, at the time of any alleged adverse employment action, a policy for dealing with alleged illegal race discrimination and that the plaintiff failed to avail himself of that curative policy.

24.The City of Montgomery avers that it had no notice or knowledge of any illegal discrimination such that it was afforded no opportunity to avoid or correct any alleged discrimination.

Respectfully submitted this the 4 day of April, 2006.

  /s/ Wallace D. Mills    .
WALLACE D. MILLS (MIL090)
Assistant City Attorney

CITY OF MONTGOMERY
Legal Department
Post Office Box 1111
Montgomery, Alabama  36101-1111
(334) 241-2050
(334) 241-2310 – facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of April, 2006, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

Juraldine Battle-Hodge

and I hereby certify that I have mailed by United States Postal Service the document to the following:

Juraldine Battle-Hodge, Esq
207 Montgomery Street, Ste. 215
Montgomery, AL  36104

/s/Wallace D. Mills_____
Wallace D. Mills
Assistant City Attorney
103 North Perry Street
Montgomery, AL  36104