IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARL LEWIS, | ) Case No.: 2:06cv237-CSC |
|         Plaintiff, | ) **CITY OF MONTGOMERY'S ANSWER TO AMENDED COMPLAINT** |
| vs. | ) |
| CITY OF MONTGOMERY, | ) |
|         Defendant. | ) |

## ANSWER

COMES NOW the defendant, City of Montgomery ("City"), by and through its attorney, and for answer to plaintiff's Amended Complaint states as follows:

### JURISDICTION AND VENUE

1. Defendant City of Montgomery admits that it is a municipality located wholly within Montgomery County Alabama and that venue is proper in this Court. Defendant denies all remaining material allegations set forth in paragraph 1 of Plaintiff's Amended Complaint and demands strict proof thereof.

2. Defendant denies the material allegations set forth in paragraph 2 of Plaintiff's Amended Complaint and demands strict proof thereof.

3. Defendant admits that it is a municipality which is duly organized under the laws of the State of Alabama and that it employs at least 15 people. Defendant denies the remaining allegations set forth in paragraph 3 of Plaintiff's Amended Complaint and demands strict proof thereof.

4. Defendant is without sufficient information to either admit or deny the allegations set forth in paragraph 4 of Plaintiff's Amended Complaint, and, therefore, denies the material allegations therein and demands strict proof thereof.

## FACTUAL BACKGROUND

5. Defendant denies the material allegations set forth in paragraph 5 of Plaintiff's Amended Complaint and demands strict proof.

6. Defendant denies the material allegations set forth in paragraph 6 of Plaintiff's Amended Complaint and demands strict proof thereof.

7. Defendant denies the material allegations set forth in paragraph 7 of Plaintiff's Amended Complaint and demands strict proof thereof.

8. Defendant denies the material allegations set forth in paragraph 8 of Plaintiff's Amended Complaint and demands strict proof thereof.

9. Defendant denies the material allegations set forth in paragraph 9 of Plaintiff's Amended Complaint and demands strict proof thereof.

10. Defendant denies the material allegations set forth in paragraph 10 of Plaintiff's Amended Complaint and demands strict proof thereof.

11. Defendant denies the material allegations set forth in paragraph 11 of Plaintiff's Amended Complaint and demands strict proof thereof.

12. Defendant denies the material allegations set forth in paragraph 12 of Plaintiff's Amended Complaint and demands strict proof thereof.

13. Defendant is without sufficient information to either admit or deny the allegations set forth in paragraph 13 of Plaintiff's Amended Complaint, and, therefore, denies the material allegations therein and demands strict proof thereof.

14. Defendant denies the material allegations set forth in paragraph 14 of Plaintiff's Amended Complaint and demands strict proof thereof.

15. Defendant denies the material allegations set forth in paragraph 15 of Plaintiff's Amended Complaint and demands strict proof thereof.

## COUNT ONE

## RACE DISCRIMINATION – TITLE VII

16. Defendant denies the material allegations set forth in paragraph 16 of Plaintiff's Amended Complaint and demands strict proof thereof.

17. Defendant denies the material allegations set forth in paragraph 17 of Plaintiff's Amended Complaint and demands strict proof thereof.

18. Defendant denies the material allegations set forth in paragraph 18 of Plaintiff's Amended Complaint and demands strict proof thereof.

19. Defendant denies that Plaintiff is due the relief sought in his Prayer for Relief.

## AFFIRMATIVE DEFENSES

20. The City of Montgomery pleads affirmatively that a legitimate, non-discriminatory reason exists for all employment actions.

21. The City of Montgomery avers that it would have taken the adverse action complained of despite any protected trait or status.

22. The City of Montgomery avers that there existed, at the time of any alleged adverse employment action, a bona fide occupational qualification pursuant to which the alleged action was taken.

23. The City of Montgomery avers that it had in place, at the time of any alleged adverse employment action, a policy for dealing with alleged illegal race discrimination and that the plaintiff failed to avail himself of that curative policy.

24. The City of Montgomery avers that it had no notice or knowledge of any illegal discrimination such that it was afforded no opportunity to avoid or correct any alleged discrimination.

Respectfully submitted this the 28 day of April, 2006.

       /s/ Wallace D. Mills    .
WALLACE D. MILLS (MIL090)
Assistant City Attorney

CITY OF MONTGOMERY
Legal Department
Post Office Box 1111
Montgomery, Alabama  36101-1111
(334) 241-2050
(334) 241-2310 – facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April, 2006, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

Juraldine Battle-Hodge

and I hereby certify that I have mailed by United States Postal Service the document to the following:

Juraldine Battle-Hodge, Esq
207 Montgomery Street, Ste. 215
Montgomery, AL  36104

       /s/Wallace D. Mills    
Wallace D. Mills
Assistant City Attorney
103 North Perry Street
Montgomery, AL  36104