IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CARL LEWIS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 2:06cv237 |
| | ) |
| **CITY OF MONTGOMERY,** and | ) |
| Defendants "A," "B," and "C," whether | ) JURY DEMAND |
| singular or plural, those other persons, | ) |
| corporations, firms or other entities whose | ) |
| true and correct names are unknown to | ) |
| Plaintiff at this time, but will be substituted | ) |
| by amendment when ascertained, | ) |
| | ) |
| Defendants. | ) |

RECEIVED
2006 APR 25 P 3: 45
DEBRA P. HACKETT, CL
U.S. DISTRICT COURT

## AMENDED COMPLAINT

**COMES NOW** Carl Lewis, Plaintiff, and amends his complaint against Defendant and their agents and representatives (Defendant) in response to Defendant's motion for a more definite statement.

## JURISDICTION AND VENUE

1. This federal action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq. ("Title VII"). Jurisdiction is invoked under 28 U.S.C. Sec. 1331 and Sec. 1343(a)(3) as it arises under Federal law. Venue is appropriate and proper in this Court under 28 U.S.C. Sec. 1391(b), as the events giving rise to the claims occurred in this district and the Defendant resides in this district.

1

## PARTIES

2. The Plaintiff, Carl Lewis, hereinafter referred to as "Plaintiff" is a forty-three (43) year old African- American male resident of the United States and the State of Alabama, residing in Elmore County, Alabama. Plaintiff is a resident of this judicial district, and was employed by Defendant at all times material hereto. Plaintiff is a member of the protected class for race within the meaning of Title VII. Plaintiff was also an employee of Defendant within the meaning of Title VII.

3. The Defendant, the City of Montgomery, hereinafter referred to as "City" is a municipality in the State of Alabama and is authorized to do business in the State of Alabama, and employs at least fifteen (15) persons and otherwise meets the jurisdictional prerequisites of Title VII.

4. At all times relevant to the allegations of this Complaint, the Plaintiff was a member of the protected class, namely, African-American, and in all actions as the Plaintiff alleges, the Defendant was liable under the provisions of Title VII.

## FACTUAL BACKGROUND

5. This lawsuit is brought by Carl Lewis, Charging Party (Plaintiff), seeking permanent relief from the unlawful discriminating practices of the Defendant, City of Montgomery. Plaintiff has been adversely affected by the discriminatory administration of City policy, in particular, the administration of disciplinary rules and granting of employee leave by the City. The discriminatory practices of the Defendant ultimately lead to the termination of the Plaintiff.

6. Plaintiff began working for the City on a part-time basis in the Parks and Recreations Department. Plaintiff worked on a part-time basis from 1980 to 1984. In or

around August 1992, Plaintiff was hired on a full-time basis in the classification of motorcycle mechanic in the Garage Department.

7. On January 31, 2005, Plaintiff's supervisor, Royce Albright, gave Plaintiff six (6) written reprimands at one time. The alleged reprimands were for September, October and November 2004. Per City policy, each reprimand should have been addressed separately with Plaintiff. It is usual that when an employee receives reprimands, the employee is written up the same day or the next day, not months later.

8. Plaintiff never received any disciplinary warnings before he was given the six (6) reprimands at one time. Therefore, Plaintiff was not afforded an opportunity to know that he had received any reprimands. Disciplinary actions with the City are progressive. Plaintiff was told that the beforementioned reprimands were one of the reasons for his termination.

9. A probationary employee, Johnny Ray Smith, white/male, received similar reprimands. It is City policy that a probationary employee can be terminated for any infraction. However, instead of being terminated, Mr. Smith was only suspended for three (3) days. Mr. Smith was less severely disciplined than Plaintiff. The only difference between Mr. Smith and Plaintiff is their race. Mr Smith is white and Plaintiff is African-American. Plaintiff has been discriminated against based on his race.

10. As a result of Plaintiff's termination, Plaintiff suffered loss of his income along with the accompanying fringe benefits. Plaintiff has lost over a year's salary and benefits (March 9, 2005 to present) due to his wrongful termination from the City.

11. Another charge that was leveled against Plaintiff was that he was taking time off of work without pay. Plaintiff only took this time off, because he was ill. In other words, Plaintiff had no other choice but to take time off without pay. Plaintiff was reprimanded for taking time off without the benefit of leave, even though he was not paid. However, John Hopper, Paul Commons, and Ken Barnes, all white employees, were allowed to take time off of work without pay without being interrogated or fired. Again, the only difference between these individuals and Plaintiff is their race. This was also a factor in Plaintiff's termination. Therefore, it can only be concluded that Plaintiff has been discriminated against based on his race.

12. On or about May 7, 2005, Plaintiff was ordered to attend a disciplinary hearing with regard to a recommendation for disciplinary action. On or about March 9, 2005, Plaintiff was terminated.

13. Because Plaintiff can find no justifiable reason for the disparate treatment he received, Plaintiff is only left to believe that his termination was pretext for discrimination.

14. Throughout his employment with Defendant, Plaintiff has been and continues to be subjected to a deliberate pattern and practice of terms and conditions of his employment that are different from white employees.

15. Plaintiff has satisfied all administrative prerequisites to bringing this claim.

## COUNT ONE

## RACE DISCRIMINATION - TITLE VII

16. Plaintiff adopts, realleges, and incorporates by reference paragraphs one through fifteen above, the same as if more fully set forth herein, and further alleges, anew.

17. In taking the above-described actions, Defendant intentionally discriminated against Plaintiff on the basis of his race, African-American, in violation of Title VII. White employees were not, and are not treated in a similar fashion.

18. As a proximate consequence of the violations of Title VII based on race by Defendant, Plaintiff has suffered and will continue to suffer damage to his professional life, and current and future career opportunities. Further, Plaintiff has suffered future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this Honorable Court grant the following:

(a) Assume jurisdiction over this action;

(b) A judgment declaring that Defendant, City of Montgomery violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), et seq. based on race;

(c) A judgment against Defendant, the City of Montgomery, for all lost income and fringe benefits from the date of the wrongful termination of Plaintiff, with interest;

(d) A judgment against Defendant, the City of Montgomery, for attorney's fees;

(e) A judgment against Defendant, the City of Montgomery, for costs;

(f) A judgment against Defendant, the City of Montgomery, for prejudgment interest; and

(g)     A judgment against Defendant, the City of Montgomery, for such compensatory damages for any loss of wages, and loss of benefits, including, but not limited to, retirement pension benefits, mental anguish, emotional distress, and embarrassment, both past, present and future to which Plaintiff may be entitled; and such further, other and different legal or equitable relief as the Court may deem appropriate to effectuate the purposes of Title VII, or which he may be entitled.

Respectfully submitted,

_____
Juraldine Battle-Hodge (BAT033)

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

_____

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served upon the following counsel of record via United States Postal Service on April 25, 2006.

**Hon. Wallace D. Mills**
Assistant City Attorney
103 North Perry Street
Montgomery, AL 36104

_____
OF COUNSEL