IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARL LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. _____ |
| ) | |
| CITY OF MONTGOMERY, and ) | |
| Defendants "A," "B,"and "C," whether ) | |
| singular or plural, those other persons, ) | |
| corporations, firms or other entities whose ) | |
| true and correct names are unknown to ) | |
| Plaintiff at this time, but will be substituted ) | |
| by amendment when ascertained, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

**COMES NOW** Carl Lewis, Plaintiff, and for his complaint against Defendants and their agents and representatives (Defendants) hereby complains as set forth herein below.

### NATURE OF THE CASE

1. This lawsuit is brought by Carl Lewis, (Plaintiff) seeking permanent relief from unlawful discriminating practices by Defendants. Plaintiff has been adversely affected by discrimination involving termination, and other terms and conditions of employment as a result of Defendants failing to remedy systemic employment discrimination on the basis of race. The practices committed, and continuing to be committed, by Defendants violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq. ("Title VII").

### JURISDICTION

2. Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1343, and 42 U.S.C. Section 2000e.

1

EXHIBIT 1

3. Plaintiff has fulfilled all conditions precedent to the institution of this action.

4. Plaintiff timely files this action within ninety (90) days of receipt of his Notice of Right to Sue from the Equal Employment Opportunity Commission (EEOC).

## VENUE

5. Defendants are located and/or doing business within this judicial district (Middle District and the Northern Division of Alabama). This action is brought within the judicial district wherein the unlawful employment practices were committed and continue to be committed, making venue proper under 42 U.S.C. Section 2000(e)-5(f)(3) and 28 U.S.C. Section 1391(b).

## PARTIES

6. The Plaintiff, Carl Lewis, hereinafter referred to as "Plaintiff" is a forty-three (43) year old African- American male resident of the United States and the State of Alabama, residing in Elmore County, Alabama. Plaintiff is a resident of this judicial district, and was employed by Defendants at all times material hereto. Plaintiff is a member of the protected class for race within the meaning of Title VII. Plaintiff was also an employee of Defendants within the meaning of Title VII.

7. The Defendant, the City of Montgomery, hereinafter referred to as "City" is a municipality in the State of Alabama and is authorized to do business in the State of Alabama, and employs at least fifteen (15) persons and otherwise meets the jurisdictional prerequisites of Title VII.

## FACTUAL BACKGROUND

8. Carl Lewis, Charging Party (Plaintiff), is a 43 year old black male. Plaintiff began working for the City of Montgomery ("City") on a part-time basis in the Parks and Recreations Department. Plaintiff worked on a part-time basis from 1980 to 1984. In or around August 1992, Plaintiff was hired on a full-time basis in the classification of motorcycle mechanic in the Garage Department.

9. On January 31, 2005, Plaintiff's supervisor, Royce Albright, gave Plaintiff six (6) written reprimands at one time. The alleged reprimands were for September, October and November 2004. Per City policy each reprimand should have been addressed separately with Plaintiff. It is usual that when an employee receives reprimands, the employee is written up the same day or the next day, not months later.

10. Plaintiff never received any disciplinary warnings before he was given the six (6) reprimands at one time. Therefore, Plaintiff was not afforded an opportunity to know that he had received any reprimands. Disciplinary actions with the City are progressive. Plaintiff was told that the beforementioned reprimands were one of the reasons for his termination.

11. A probationary employee, Johnny Ray Smith, white/male, received similar reprimands. It is City policy that a probationary employee can be terminated for any infraction. However, instead of being terminated, Mr. Smith was only suspended for three (3) days. Mr. Smith was less severely disciplined than Plaintiff. The only difference between Mr. Smith and Plaintiff is their race. Mr Smith is white and Plaintiff is African-American. Plaintiff has been discriminated against based on his race.

12. Another charge that was leveled against Plaintiff was that he was taking time off of work without pay. Plaintiff only took this time off, because he was ill. In other words, Plaintiff had no other choice but to take time off without pay. Plaintiff was reprimanded for taking time off without the benefit of leave, even though he was not paid. However, John Hopper, Paul Commons, and Ken Barnes, all white employees, were allowed to take time off of work without pay without being interrogated or fired. Again, the only difference between these individuals and Plaintiff is their race. Therefore, it can only be concluded that Plaintiff has been discriminated against based on his race.

13. On or about May 7, 2005, Plaintiff was ordered to attend a disciplinary hearing with regard to a recommendation for disciplinary action. On or about March 9, 2005, Plaintiff was terminated.

14. Because Plaintiff can find no justifiable reason for the disparate treatment he received, Plaintiff is only left to believe that his termination was pretext for discrimination.

15. Throughout his employment with Defendants, Plaintiff has been and continues to be subjected to a deliberate pattern and practice of terms and conditions of his employment that are different from white employees.

16. Plaintiff has satisfied all administrative prerequisites to bringing this claim.

## COUNT ONE

## RACE DISCRIMINATION - TITLE VII

17. Plaintiff adopts, realleges, and incorporates by reference paragraphs one through twenty-three above, the same as if more fully set forth herein, and further alleges, anew.

18.     In taking the above-described actions, Defendants intentionally discriminated against Plaintiff on the basis of his race, African-American, in violation of Title VII. White employees were not, and are not treated in a similar fashion.

19.     As a proximate consequence of the violations of Title VII based on race by Defendants, Plaintiff has suffered and will continue to suffer damage to his professional life, and current and future career opportunities. Further, Plaintiff has suffered future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this Honorable Court grant the following:

(a) Assume jurisdiction over this action;

(b) A judgment declaring that Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), et seq. based on race;

(c) All backpay and fringe benefits from the date of his wrongful denial of said promotion, with interest;

(d) Attorney's fees;

(e) Costs;

(f) Prejudgment interest; and

(g) An award of such compensatory damages for any loss of wages, and loss of benefits, including, but not limited to, retirement pension benefits, mental anguish, emotional distress, and embarrassment, both past, present and future to which Plaintiff may be entitled; and such further, other and different legal or equitable relief as the Court may deem appropriate to effectuate the purposes of Title VII, or which he may be entitled.

Respectfully submitted,

_____
Juraldine Battle-Hodge (BAT033)

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

_____
OF COUNSEL

**PLAINTIFF'S ADDRESS**

Mr. Carl Lewis
4510 Lakeshore drive
Millbrook, AL 36050

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL
RETURN RECEIPT REQUESTED**