## ANSWER TO CHARGES AND NOTIFICATION OF DISMISSAL/DEMOTION RECEIVED ON 3/9/2005

It is undisputed that the charges against me are limited to the allegation that I failed to call my supervisor or the operations center before my shift start time advising them that I would be late for work on the following dates: October 5, 2004, October 15, 2004, January 7, 2005, January 14, 2005, January 31, 2005, and February 1, 2005. These alleged violations, if true, would be violations of Departmental Operating Instruction Number 8.

For a multitude of reasons, I do not deserve termination, and indeed, termination is not warranted.

I was never on notice of the seriousness of the discipline I was facing. Not until the city had built up 5 letters of reprimand did they recommend any discipline, and then the recommendation is the death penalty of the workplace - dismissal.

The city did this in contradiction to their own progressive discipline policy, a policy which is contained within Departmental Operating Instruction Number 8



(the same policy I am charged with violating). I was never put on notice that the city had accumulated 3 letters of reprimand against me or 4 letters. Further, I was never given any time off associated with my alleged 3rd or 4th violation, despite Operating Instruction Number 8 requiring that time off be given in association with a 3rd or 4th violation. If I had been put on notice or given time off associated with alleged violations, I would have certainly been aware of the seriousness of my situation and would have done whatever it took to make sure I did not get a 5th violation which would make me subject to dismissal. Instead, I was called in on January 31, 2005 and given 5 letters of reprimand and recommended for dismissal. So, the first recommendation of discipline for me is dismissal. This is contradictory to Instruction Number 8 and I should be given far less discipline for the first recommendation of discipline.

Other employees have been late as many times (or more) as I and were recommended for much less serious discipline. The rules should be applied evenhandedly and I should not be terminated for the same infractions that got other employees a slap on the wrist.

Additionally, there are a number of other mitigating factors that weigh in favor of me receiving discipline less severe than dismissal. I do not deserve the death penalty.

My sister and I are the primary caretakers of my mother who is 75 years old. In December my nephew (my sister's son) died from cancer. For month's before December, my nephew required extensive and time-consuming treatment. With my sister's attention having to be dedicated to her dying son, it left only me to care for my mother. Caring for my mother required some of my time and caused me to miss some work. The situation is better now. I again have the help of my sister in caring for my mother.

I have had problems with swelling in my knees which has also caused me to miss some work. This is a problem that my doctors attribute at least in part to my working conditions. I have already provided the city with my doctors' excuses and their diagnosis of my knee problem. I should not be terminated for missing time associated with an injury received on the job.

I am a 13 year employee of the City of Montgomery, and it is undisputed that I am a good mechanic. My supervisors testified to this in my hearing in Mayor Bright's office. Also, Lt. Phillips and 5 of his motorcycle officers testified to the same.

In summary, I do not deserve to be fired. At most, I should be given 3 days or 5 days off without pay and a strong warning not to be late again.

_____
Carl Lewis

_____03-11-05_____
Date