IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARL LEWIS, | ) |
| PLAINTIFF, | ) |
| vs. | ) Civil Action No. 2:06-cv-237-CSC |
| CITY OF MONTGOMERY, ET AL., | ) |
| DEFENDANT. | ) |

---

## PLAINTIFF'S MEMORANDUM BRIEF IN OPPOSITION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

ATTTORNEY FOR PLAINTIFF

JURALDINE BATTLE-HODGE

### PLAINTIFF'S RESPONSE TO DEFENDANT' MOTION FOR SUMMARY JUDGMENT

**COMES NOW** Carl Lewis in the above styled cause and moves this Honorable Court to deny Defendant's Motion for Summary Judgment. As grounds therefore, the Plaintiff avers that there is a genuine issue of material fact to be submitted to a jury of Plaintiff's peers, and the Defendant is not due summary judgment as a matter of law, as to any claims made by the Plaintiff. In

support of his response, Plaintiff relies on the applicable law, pleadings, depositions and affidavits attached hereto and for his complaint against Defendant and its agents and representatives (Defendant) hereby complains as set forth herein below.

**WHEREFORE, THE PREMISIES CONSIDERED,** Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion for Summary Judgment, and allow this cause to move forward and be heard by a jury of Plaintiff's peers.

## I. SUMMARY OF THE CASE

### Nature of the Case

This action was filed by Carl Lewis against the City of Montgomery in violation of Title VII of the Civil Rights Act of 1964, as amended.

### Course of Proceedings

This lawsuit was timely filed in the United States District Court for the Middle District of Alabama, Northern Division on March 14, 2006. (See Complaint – Exhibit "1"). Plaintiff filed an amended complaint on April 25, 2006. (See Exhibit "2"). Defendant filed its answer on April 28, 2006. (See Answer – Exhibit "3"). Defendant filed a motion for summary judgment on May 24, 2007. (See Defendant' Memorandum Brief in Support of Motion for Summary Judgment – Exhibit "4").

## II. PLAINTIFF'S SUMMARY OF FACTS

Carl Lewis (Plaintiff) is a forty-four (44) year old black male. Plaintiff began working for the City of Montgomery (Defendant) on a part-time basis in the

Parks and Recreations Department in 1980. In or around August 1992, Plaintiff was hired on a full-time basis in the classification of motorcycle mechanic in the Garage Department.

On January 31, 2005, Plaintiff's supervisor, Royce Albright, gave Plaintiff six (6) written reprimands at one time. The alleged reprimands were for September, October and November 2004. Per City policy each reprimand should have been addressed separately. When an employee receives reprimands he or she is usually written up the same day or the next day, not months later.

Plaintiff did not receive any disciplinary warnings before he was given the six (6) reprimands at once. Therefore, Plaintiff was not put on notice that he had received any reprimands. Disciplinary actions with the Defendant are progressive. Plaintiff was told that the beforementioned reprimands were one of the reasons for his termination.

A probationary employee, Johnny Ray Smith, (white, male) received similar reprimands. It is Defendant's policy that a probationary employee can be terminated for any infraction. However, instead of being terminated, Mr. Smith was only suspended for three (3) days. Mr. Smith was less severely disciplined than Plaintiff. The only difference between Mr. Smith and Plaintiff is their race. Mr. Smith is white and Plaintiff is African-American. Plaintiff has been discriminated against based on his race.

Another charge that was leveled against Plaintiff was that he was taking time off of work without pay. Plaintiff only took this time off, because he was ill.

In other words, Plaintiff had no other choice but to take off without pay. Plaintiff was reprimanded for taking time off even though he was not paid. John Hopper, Paul Commons and Karen Barnes, all white employees, were allowed to take time off of work without pay without being interrogated or fired. Again, the only difference between these individuals and Plaintiff is their race. Therefore, it can only be concluded that Plaintiff has been discriminated against based on his race.

On or about May 7, 2005, Plaintiff was ordered to attend a disciplinary hearing with regard to a recommendation for disciplinary action. On or about March 9, 2005, Plaintiff was terminated for the alleged reprimands. The disparate treatment that Plaintiff received is evidence that Plaintiff's termination was pretext for discrimination.

Throughout his employment with Defendant, Plaintiff has been and continues to be subjected to a deliberate pattern and practice of terms and conditions of his employment that are different from white employees.

### III. ARGUMENTS AND AUTHORITIES

#### A. Standard of Review for Summary Judgment

Title VII of the Civil Rights Act of 1964 prohibits and employer from discrimination against an individual such as Plaintiff, as it relates to compensation, terms, conditions or privileges of employment, based on race, color, religion, sex, or national origin. *42 U.S.C.S. Section 2000e-2(a) (1).* Where there are questions as to whether the alleged conduct of discrimination is in violation of Title VII of the Civil Rights Act of 1964, the Plaintiff must set forth a

prima facie case. To establish a prima facie claim of racial discrimination, the following elements must be met: (1) Plaintiff is a member of the protected group; (2) that he was subjected to an adverse employment action; (3) that the Plaintiff was treated less favorably than the similarly situated employees who are not members of the minority class

Once the Plaintiff has met this burden, the defendant must show that there is a legitimate nondiscriminatory reason for the adverse employment action. Should the Defendant meet its burden of production, the presumption is eliminated, and the Plaintiff must then show that the reason given by the Defendant for its action is pretextual, and the actual reason for the adverse action is discrimination. *Howard v. EP Oil Co.*, 32 F. 3d 520, 525 (11th Cir. 1994). The Court in *Howard* reasoned that to survive summary judgment, Plaintiff need only prove that a genuine issue exists as to whether the reason for the decision was discrimination. *Howard supra.* In reviewing a motion for summary judgment, the Court must "review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant." *Kimbrell v. Focras, Inc.*, 2002 WL 31041847 (Ala.Civ.App.).

Where there are questions as to whether the alleged conduct complained of exits, a summary judgment is not appropriate. As per the applicable legal standard for summary judgment, the Plaintiff has presented substantial evidence that a fair-minded person would infer the existence of the fact sought to be proved. Because of the applicable law, pleadings, depositions and affidavits

attached hereto the Defendant has not met the standard of review such that summary judgment is proper.

### B. Plaintiff has Successfully Made a Claim for Race Discrimination

As previously discussed, where there are questions as to whether the alleged conduct of discrimination is in violation of Title VII of the Civil Rights Act of 1964, the Plaintiff must set forth a prima facie case. To establish a prima facie claim of racial discrimination, the following elements must be met: (1) Plaintiff belongs to a racial minority; (2) that he was subjected to an adverse employment action; (3) that Plaintiff was treated less favorably than similarly situated employees who are not members of this minority class  Then, the Defendant must bring forth a legitimate nondiscriminatory reason for the adverse employment treatment. If this burden is met, the burden then shifts to the Plaintiff to show that the real reason for the adverse action is discrimination.

Racial Minority

It is without question that Plaintiff is a member of the protected class, as he is black. Therefore, Plaintiff has met the first element in establishing a prima facie case.

Subjected to adverse employment action

Further, Plaintiff was subjected to adverse employment treatment. Plaintiff was terminated. Clearly, the loss of a job that Plaintiff had held for almost two decades is adverse employment treatment. Plaintiff has met the second element.

Plaintiff treated less favorably

Plaintiff was treated less favorably than similarly situated whites. Plaintiff had worked for Defendant on a full time basis since 1992. Plaintiff was given six (6) reprimands at one time. Plaintiff was not given notice of the previous alleged tardiness and was terminated based on receiving six (6) reprimands. Plaintiff was bewildered and shocked by the six (6) letters of reprimand that he received in one setting. Plaintiff explained to Mr. Terry Gaddis, his immediate supervisor, the impropriety of this action. (See Exhibit 5 - Response to Reprimands).

Johnny Ray Smith was similarly situated to Plaintiff. Though Mr. Smith was similarly situated to Plaintiff, he was a probationary employee. It is Defendant's policy that a probationary employee can be terminated for any infraction. The Defendant alleges that it treated Mr. Smith just as it treated Plaintiff. This is not true. For a probationary employee, even one infraction can lead to termination. Here, the Defendant states that it gave Mr. Smith three (3) reprimands at one time. However, the Defendant brings forth no evidence supporting this contention. On the contrary, Mr. Robert Shuford stated in a letter to the Personnel Hearing Board that, "Mr. Johnny Smith, who is a white employee, had more than one letter of reprimand for being late or not calling in, but his letters 'magically disappeared'. Also, Mr. Johnny Smith had four or five letters during his probationary period and received three days without pay when he should have been dismissed." (See Exhibit 6 - Shuford's letter to Personnel Hearing Board, Page 1, Par. 2). Mr. Shuford is employed by the Defendant as a

supervisor. By Mr. Smith receiving his reprimands as they occurred, he was treated more favorably than Plaintiff. For the sake of argument, even if we were to say that Mr. Smith received all of his reprimands at once, he still should have been terminated. However, instead of being terminated, Mr. Smith was only suspended for three (3) days. Mr. Smith was less severely disciplined than Plaintiff. The only difference between Mr. Smith and Plaintiff is their race. Mr. Smith is white and Plaintiff is African-American. Plaintiff was discriminated against based on his race.

Another charge that was leveled against Plaintiff was that he was taking time off of work without pay. Plaintiff only took this time off because; he had to care for his elderly mother, or had health issues. (See Exhibit 8 – Plaintiff's Answer to Charges, p. 3, pars. 2 and 3, and Exhibit 7 - Plaintiff's Affidavit, par. 5) In other words, Plaintiff had no other choice but to take off without pay. Plaintiff was reprimanded for taking time off even though he was not paid. John Hopper, Paul Evans and Karen Barnes, all white employees, were allowed to take time off of work without pay without being interrogated or fired. (See Exhibit 7, par. 6).

Defendant contends that the leave it refers to in the Plaintiff's termination relates to Plaintiff coming in late to work. In its Motion for Summary Judgment, Defendant states that, "the 'time off without leave' is auxiliary to the charge for failing to call in his tardiness..." This assertion is without merit. Defendant's Exhibit A, Page 5, in part states, "As stated above, you received several verbal counseling, one from the Assistant Director concerning you taking excessive time off without accumulated leave..." Here, the Defendant could not have been

referring to the few minutes that it accuses Plaintiff of being late. Each time Plaintiff was late, he called in. Plaintiff always checked in with the Control Department. (See Exhibit 7 Aff, par. 7).

Plaintiff was never counseled about using leave as a result of being late. Plaintiff was not verbally counseled about being late. If he had been counseled, he would have been put on notice that his job was in jeopardy. Taking all of the evidence that Plaintiff has brought forth, it can only be concluded that Plaintiff has been discriminated against based on his race. Plaintiff has shown that he was treated less favorably than white similarly situated white employees who were not members of the protected class for race.

Defendant's Legitimate Business Reasons

The Defendant offered what it has labeled as business reasons terminating Plaintiff. According to the Defendant, the Plaintiff was terminated in "accordance to the departmental Operating Instruction No. 8, plaintiff received five or more reprimands for failing to notify his supervisor that he would not be late on five or more occasions during a one hundred eighty day period.

Pretext

Defendant's proffered legitimate nondiscriminatory reasons given for terminating Plaintiff is pretext for the real reason it terminated Plaintiff, discrimination. Defendant admits that it did not have legitimate reasons to terminate Plaintiff when it admitted that he did not receive proper notice. (See Defendant's Exhibit B). Plaintiff was never given a written reprimand. Plaintiff was not given a written reprimand before he received all six reprimands.

Defendant did not follow its own progressive disciplinary discipline. Defendant treated Plaintiff different than it did similarly situated whites.

After the Plaintiff's appeals hearing, Plaintiff's work was sabotaged. Plaintiff was working on a Harley Davidson. The rear tire of the Police motorcycle was clearly cut. Plaintiff was being harassed. Plaintiff informed Mr. Gaddis about the incident, but Mr. Gaddis did not do anything about it. At that time Plaintiff became fearful for his well-being and he had been shown that he would not be supported by management. Due to the harassment and the nonsupport from management, Plaintiff lost his trust in the Defendant. Plaintiff feared for his safety. After being subjected to harassment by what appeared to be management, Plaintiff was afraid and was left with no option but to give up in fighting for his position. The Defendant states that it offered the Plaintiff the opportunity to be reinstated, but by that time Plaintiff was fearful that he would continue to be harassed and threatened.

Given all of the background and facts that the Plaintiff has rebutted the Defendant reason for terminating Plaintiff, the Plaintiff clearly shows that there is a genuine issue of material fact and as such, summary judgment would not be appropriate. The reasons offered by the Defendant for their actions as discussed above are of such a nature that a genuine question exists as to whether or not the reasons given by the Defendant for their actions was intentional discrimination. As such, Plaintiff has presented a prima facie case for this matter to be submitted for consideration by a jury of his peers.

## CONCLUSION

The question of legitimacy of Defendant to terminate the Plaintiff is certainly at issue, and is a question that should be decided by a jury of Plaintiff's peers. As such Plaintiff contends that he was wrongfully denied the promotions he sought. Based on the facts, caselaw and evidence that is in direct dispute to Defendant's claims; there is a genuine issue of material fact to be submitted to the jury. Where there are questions, the case must go to trier of fact.

**WHEREFORE PREMISIES** considered, Plaintiff request that this Honorable Court deny Defendant' request for summary judgment.

Respectfully submitted this the 27th day of June 2007.

_____
JURALDINE BATTLE-HODGE (BAT033
Attorney for Plaintiff

LAW OFFICES OF JURALDINE BATTLE-HODGE
207 Montgomery Street, Suite 215
Montgomery, Alabama 36104
Telephone: (334) 262-1177, 263-5575
Facsimile: (334) 263-5569

## CERTIFICATE OF SERVICE

    I hereby certify that on the 27th day of June 2007, the foregoing document was served upon the following counsels of record by placing a copy of the same in the U.S. Mail, First Class postage prepaid, addressed as follows:

Hon. Wallace D. Mills
Assistant City Attorney
Legal Department
Post Office Box 1111
Montgomery, AL 36101-1111

_____
Of Counsel