IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARL LEWIS,<br>        Plaintiff,<br><br>vs.<br><br>CITY OF MONTGOMERY,<br>        Defendant. | ) Case No.: 2:06cv237-CSC<br>)<br>) **AFFIDAVIT OF TERRY GADDIS**<br>)<br>)<br>) |

STATE OF ALABAMA

COUNTY OF MONTGOMERY

    In person appeared before the undersigned officer, duly authorized to administer oaths, Terry Gaddis, who, after being duly sworn, states under oath as follows:

    1.    I am the Director of Fleet Management for the city of Montgomery and have personal knowledge of the facts set forth in this affidavit. I am an adult resident citizen of the state of Alabama and am competent to testify to the matters set forth herein.

    2.    Carl Lewis worked for me in the Fleet Management Department of the city of Montgomery prior to his termination. I recommended his termination based upon repeated violations of Operating Instruction No.8 despite repeated verbal warnings from both me and his Superintendent, Royce Albright.

    3.    The Fleet Management department of the city of Montgomery has never had employees named John Hopper, Paul Evans, Paul Commons, or Karen Barnes.



However, the City currently has and has had employees in the Fleet Management Department named John Hooper, Paul Ammons, and James Barnes.

4.  Attached hereto are the personnel files of John Hooper, James Barnes, and Paul Ammons. Each of these documents was either made by me or under my supervision at or near the time of the events set out therein. They were made in the ordinary course of business, and they have been kept by me as the custodian of those records in the ordinary course of business. I hereby incorporate the statements made in those documents into this affidavit by reference as if they were fully set out herein, and swear and affirm that the statements made were made as they are represented therein.

5.  John Hooper took an extended leave and made a written claim for leave under the Family and Medical Leave Act for degenerative hip disease, among other gastrointenstinal ailments. By requesting the leave, Mr. Hooper complied with Operating Instruction No. 6. Hooper wound up applying for and receiving medical retirement on May 15, 2004.

6.  Similarly, James Barnes used up his sick leave on a pre-approved absence for surgery to cure a serious hemorrhoid problem. His leave, too, was pre-approved in accordance with Operating Instruction No. 6, but he used his sick leave, and sick leave which was donated to him by fellow employees. He never went on leave without pay without pre-approval.

7.  In April of 2002 and November of 1997, Ammons was reprimanded for violating Operating Instruction No. 6. These were, to my knowledge, Ammons's only infraction of Operating Instruction No. 6.

8.  Further, the affiant saith not.

_____
Terry Gaddis

STATE OF ALABAMA

COUNTY OF MONTGOMERY

    I, the undersigned notary public in and for said county in said state, hereby certify that Terry Gaddis, whose name is signed to the foregoing affidavit, and who is known to me, after being fully informed of the contents of the instrument, signed and executed the same voluntarily after first being duly sworn by me on the date set forth below.
    GIVEN under my hand and official seal, this 17th day of July, 2007.

_____
NOTARY PUBLIC

My Commission Expires: 10/16/09

3