| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse before completing this form | ENTER CHARGE NUMBER<br>☐ FEPA<br>☒ EEOC 130-2005-06633 |
|---|---|

_____ and EEOC
*(State or local Agency, if any)*

| NAME (Indicate Mr., Ms., or Mrs.)<br>Mr. Carl Lewis | TELEPHONE NUMBER (Include Area Code)<br>(334) 285-9356 | |
|---|---|---|
| STREET ADDRESS<br>4510 Lakeshore Dr.   Millbrook, AL 36054 | CITY, STATE AND ZIP CODE | COUNTY<br>Montgomery |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below)*

| NAME<br>City of Montgomery | NO. OF EMPLOYEES/MEMBERS<br>15+ | TELEPHONE NUMBER (Include Area Code)<br>(334) 241-2675 |
|---|---|---|
| STREET ADDRESS<br>27 Madison Avenue, P.O. Box 1111, Montgomery, AL 36101-1111 | | CITY, STATE, AND ZIP CODE |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate Box(es))*<br>☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIG<br>☐ AGE  ☐ RETALIATION  ☐ OTHER *(Specify)* | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE<br>*(Month, day, year)* March 9, 2005 |
|---|---|

THE PARTICULARS ARE *(If any additional space is needed, attach extra sheet(s))*:

**(SEE ATTACHED)**

SEP 0 0 2005

| I declare under penalty of perjury that the foregoing is true and correct.<br>*/s/ Carl Lewis* | DATE: 09-01-05 |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINT<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Month, day, year) |



DEFENDANT'S EXHIBIT B

Carl Lewis
DOB: 7-11-62

Carl Lewis, Charging Party (CP), is a 43 year old black male. CP began working for the City of Montgomery ("City") on a part-time basis in the Parks and Recreations Department. CP worked on a part-time basis from 1980 to 1984. In or around August 1992, CP was hired on a full-time basis in the classification of motorcycle mechanic in the Garage Department.

On January 31, 2005, CP's supervisor, Royce Albright, gave CP six (6) written reprimands at one time. The alleged reprimands were for September, October and November 2004. Per City policy each reprimand should have been addressed separately with CP. It is usual that when an employee receives reprimands, the employee is written up the same day or the next day, not months later.

CP never received any disciplinary warnings before he was given the six (6) reprimands at one time. Therefore, CP was not afforded an opportunity to know that he had received any reprimands. Disciplinary actions with the City are progressive. CP was told that the beforementioned reprimands was one of the reasons for his termination.

A probationary employee, Johnny Ray Smith, white/male, received similar reprimands. It is City policy that a probationary employee can be terminated for any infraction. However, instead of being terminated, Mr. Smith was only suspended for three (3) days. Mr. Smith was less severely disciplined than CP. The only difference between Mr. Smith and CP is their race. Mr Smith is white and CP is African-American. CP has been discriminated against based on his race.

Another charge that was leveled against CP was that he was taking time off of work without pay. CP only took this time off, because he was ill. In other words, CP had no other choice but to take time off without pay. CP was reprimanded for taking time off without the benefit of leave, even though he was not paid. However, John Hopper, Paul Commons, and Karen Barnes, all white employees, were allowed to take time off of work without pay without being interrogated or fired. Again, the only difference between these individuals and CP is their race. Therefore, it can only be concluded that CP has been discriminated against based on his race.

On or about May 7, 2005, CP was ordered to attend a disciplinary hearing with regard to a recommendation for disciplinary action. On or about March 9, 2005, CP was terminated for the alleged reprimands.

Because CP can find no justifiable reason for the disparate treatment he received, CP is only left to believe that his termination was pretext for discrimination.

CP believes that he has been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended.