IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CARL LEWIS,                        )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )    CIVIL ACTION NO.  2:06cv237-CSC
                                   )
CITY OF MONTGOMERY,                )
                                   )
        Defendant.                 )

**ORDER**

On July 17, 2007, the defendant filed a reply to the plaintiff's response, asserting that,

"[i]n Plaintiff's brief in opposition to the Motion for Summary Judgment, Plaintiff names three

new comparators whom were not identified in this case prior thereto, namely: John Hopper, Paul

Evans, and Karen Barnes."  (Doc. No. 24, p. 1.)  It is clear to the court, however, that the

plaintiff named these comparators in his amended complaint.  (Doc. No. 10, p. 4.)  Thus, the

court concludes that the plaintiff should be provided an opportunity to respond to the City of

Montgomery's contention that he has failed to show that John Hopper, Paul Ammons, and James

Barnes "are not sufficiently similarly situated to fulfill the plaintiff's initial burden under the

*McDonnell Douglas* framework."  (Doc. No. 24, p. 3.)  Accordingly, it is

ORDERED that, on or before July 31, 2007, the plaintiff shall file a response to the

defendant's assertion that his allegations concerning John Hopper, Paul Ammons, and James

Barnes  fail to demonstrate a prima facie case of discrimination.

In his response, the plaintiff should make specific reference to the following provisions

of Rule 56(e), Federal Rules of Civil Procedure:

> When a motion for summary judgment is made and supported as provided in this
> rule, an adverse party may not rest upon the mere allegations or denials of his

pleading, but his response, by affidavits or as otherwise
provided for in this rule, must set forth specific facts showing that there is a
genuine issue for trial.

A party opposing a motion for summary judgment cannot rely only on the unsworn

pleadings but must oppose the motion by filing sworn affidavits that set forth specific facts

which demonstrate that there is a genuine issue of material fact for trial in this case.[1]  Failure to

file sworn affidavits may result in this court accepting the moving party's evidence as the truth.[2]

If documents are referred to in the opposing affidavits and have not been previously filed with

the court, sworn or certified copies of those papers must be attached to the affidavits or served

with them.

Failure to follow the requirements of Rule 56 regarding the proper way to oppose a

motion for summary judgment may result in an order granting the motion and entry of final

judgment  in favor of the moving party without further proceedings.

Done this 20th day of July, 2007.

_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1]An affidavit is a sworn statement in writing made under oath or on affirmation before a notary public
or other authorized officer.  The affidavit must be made on personal knowledge, set forth such facts as
would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the
matters stated in the affidavit.

[2]If the party opposing the motion is unable to present, by affidavit, facts essential to justify his
opposition, then he must file a sworn statement as to why he is unable to do so.