IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARL LEWIS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | Civil Action No. 2:06-cv-237-CSC |
| ) | |
| CITY OF MONTGOMERY, ET AL., ) | |
| ) | |
| DEFENDANT. ) | |

## PLAINTIFF'S AMENDED RESPONSE TO DEFENDANT'S ASSERTIONS

**COMES NOW** Carl Lewis in the above styled cause pursuant to the Order of this Honorable Court and responds to the Defendant's Reply to Plaintiff's Response to Plaintiff's Response to Motion for Summary Judgment as set forth herein below.

### Comparators are Sufficiently Similarly Situated to Plaintiff

Plaintiff named John Hooper, Paul Ammons and James Barnes as comparators in establishing his prima facie case of discrimination. The three (3) named comparators are sufficiently similarly situated to fulfill Plaintiff's burden under *McDonnell Douglas*. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792.

### John Hooper

John Hooper is similarly situated to Plaintiff. Mr. Hooper and Plaintiff were both small engine motorcycle mechanics. They were both supervised by Royce Albright. (Exhibit A, Affidavit of Plaintiff, par. 4). The Defendant states that, "John Hooper took an extended leave and made a written claim for leave under the

Family and Medical Leave Act for degenerative hip disease..." (Exhibit B, Defendant's Reply Brief). Plaintiff does not dispute this fact; however, prior to the time that Mr. Hooper applied for extended leave under the Family and Medical Leave Act, like Plaintiff, Mr. Hooper took time off without the benefit of leave. (Exhibit A, par. 5). Plaintiff personally witnessed that Mr. Hooper took time off and as a result was not paid for the days he missed. (Exhibit A, par. 6). Neither Mr. Hooper nor Plaintiff had any sick leave or annual leave. (Exhibit A, par. 7).

A portion of the time that Plaintiff was terminated for was due to a week in December of 2005, shortly before Christmas that Plaintiff had to take off without leave due to illness – Plaintiff had the flu. This fact is documented in Plaintiff's personnel file. Shortly after Christmas, Plaintiff took another day off without leave due to attending his nephew's funeral. Mr. Alright and Plaintiff had a conference regarding Plaintiff taking the time off. In January 2006, Plaintiff took time off of work to take time off for an appointment with an orthopedic surgeon, due to injuries Plaintiff sustained at work. (Exhibit A, par. 8). The time that Plaintiff took off was documented in his personnel file. Though Mr. Hooper may have not violated Operating Instruction No. 6, when he was under FMLA, he did violate Operating Instruction No. 6, prior to this time. Mr. Hooper was not disciplined as Plaintiff was for taking time off without the benefit of leave. Plaintiff was terminated, Mr. Hooper was not. Plaintiff has satisfied that *McDonnell Douglass* standard for making a prima facie case.

<u>James Barnes</u>

James Barnes was a also a small engine motorcycle mechanic. He was also supervised by Royce Albright. (Exhibit A, par. 9). Mr. Barnes is similarly situated to Plaintiff. Again, Defendant chooses to begin discussing James Barnes' absence only after Mr. Barnes applied for leave due to his surgery. Like Mr. Hooper, Mr. Barnes was out several times before his approved leave without pay. James Barnes missed a number of days without having leave. Mr. Barnes personally told Plaintiff that he did not have any leave. (Exhibit A, par. 10). Defendant emphasizes that Mr. Barnes' leave was pre-approved in accordance to Operating Instruction number 6. Likewise, Plaintiff's leave was also pre-approved, yet, Plaintiff was terminated. Mr. Barnes was not disciplined as Plaintiff was.

Additionally, Mr. Barnes was late on a number of occasions. Plaintiff is aware of this fact because Plaintiff and Mr. Barnes worked as a team before Mr. Barnes retired. (Exhibit A, par. 11). Mr. Barnes was not disciplined for his tardiness. Plaintiff was a victim of hurricane Ivan. Plaintiff experienced living difficulties as a result of Ivan. Management was aware of Plaintiff's plight. Management did not let Plaintiff know that his job was in jeopardy until management approached him with six (6) alleged instances of tardiness at one time. (Exhibit A, par. 12). Defendant used Plaintiff's alleged tardiness as a reason to terminate Plaintiff. Mr. Barnes was not disciplined for his tardiness. Mr. Barnes is sufficiently similarly situated to Plaintiff as per the *McDonnell Douglas* standard.

Paul Ammons

Paul Ammons was a welder. (Exhibit A, par. 13). A welder is on the same pay scale as a small engine motorcycle mechanic. (Exhibit A, par. 14). Mr. Ammons is similarly situated to Plaintiff. Defendant states that Mr. Ammons was reprimanded for violating Operating Instruction No. 6 on two occasions. Though the Defendant states that it only reprimanded Mr. Ammons twice, Mr. Ammons states that to his knowledge he was never reprimanded. Mr. Ammons admits that he violated Operating Instruction No. 6 on many occasions and was not disciplined. Mr. Ammons has taken time off without built-up leave. Mr. Ammons also states that he was late on several occasions. Mr. Ammons provides that he was not reprimanded for being late or for taking time off without the benefit of leave. Mr. Ammons was never fired, given any days off or threatened for the many times he was late or took time off without leave. (See Exhibit C). Plaintiff is also aware of this fact, because Mr. Ammons told him. (Exhibit A, par. 15). Mr. Ammons is sufficiently similarly situated to Plaintiff based on the *McDonnell Douglas* standard for establishing a prima facie case.

## CONCLUSION

**WHEREFORE PREMISIES** considered, Plaintiff shows that he has fulfilled his initial burden under the *McDonnell Douglas* framework by showing that John Hopper, Paul Ammons, and James Barnes are sufficiently similarly situated to Plaintiff.

Respectfully submitted,

_____
JURALDINE BATTLE-HODGE (BAT033
Attorney for Plaintiff

LAW OFFICES OF JURALDINE BATTLE-HODGE
207 Montgomery Street, Suite 215
Montgomery, Alabama 36104
Telephone: (334) 262-1177, 263-5575
Facsimile: (334) 263-5569

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of August 2007, the foregoing document was served upon the following counsels of record by placing a copy of the same in the U.S. Mail, First Class postage prepaid, addressed as follows:

Hon. Wallace D. Mills
Assistant City Attorney
Legal Department
Post Office Box 1111
Montgomery, AL 36101-1111

_____
Of Counsel